Paul Gattone
State Bar Number 012482
LAW OFFICE OF PAUL GATTONE
312 S. Convent
Tucson, Arizona 85701
(520) 623-1922
pgattone@aol.com

**Attorney for Plaintiff**

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BRIAN BORCHARDT<br><br>　　　　Plaintiffs,<br><br>vs.<br><br><br><br><br>THE CITY OF TUCSON, a municipal corporation of the State of Arizona; KEN VAN KARSEN, in his official capacity as an employee of the City of Tucson; JASON GREEN, in his official capacity as an employee of the City of Tucson; MICHAEL ST. PAUL, in his official capacity as an employee of the City of Tucson, R. HOLLAND, in his/her official capacity as an employee of the City of Tucson, D. Cox, in his/her official capacity,<br><br>　　　　Defendants. | No.<br><br>**VERIFIED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**CIVIL RIGHTS VIOLATION:** |

　　　　Comes now the Plaintiff who alleges:

**INTRODUCTION**

　　　　1.　　This action seeks declaratory and compensation pursuant to 42 U.S.C. §§1983

and 1988; for injury to his civil and constitutional rights stemming from the

- 1 -

wrongful destruction of his home and all of his possession by Defendants in violation of his rights.

2. This Court also has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and the Declaratory Relief Act, 42 U.S.C. §2201 et seq.

3. Venue is proper in Tucson as all events took place in Tucson, Arizona, and the parties are located in Tucson. Plaintiff is a resident of Tucson and all events described therein took place in the metro Tucson area.

**PARTIES**

4. Plaintiff Brian Borchardt is a resident of Tucson, Arizona and in the early 1980s purchased a residence at 2828 N. Dodge Street in Tucson in Tucson, Arizona. This was Plaintiff's primary residence and despite the fact that he away from Tucson for extended periods of time due to his employment, this was his primary residence and all of his possessions and personal effects were kept there.

5. Defendant City of Tucson is, and at all times relevant to the facts alleged herein was, a municipal corporation, duly organized and existing under the laws of the State of Arizona and capable of suing and being sued. Defendant City of Tucson is the legal entity responsible for the actions of the individually named Defendants. The City of Tucson is being sued in its own right and on the basis of the actions of its officers, employees and agents, which were taken pursuant to the Tucson City Code. At all times relevant

herein, the officers, employees and agents of the City of Tucson were acting under color of state law.

6. Defendant Van Karsen was, and at all times relevant to the facts alleged herein, an employee of the City of Tucson and was acting as such when he took part in these events. At all times relevant herein, Defendant Van Karsen was acting in his official capacity and under color of state law.

7. Defendant Green was, and at all times relevant to the facts alleged herein, an employee of the City of Tucson and was acting as such when he took part in these events. At all times relevant herein, Defendant Green was acting in his official capacity and under color of state law.

Defendant R. Smith was, and at all times relevant to the facts alleged herein, an employee of the City of Tucson and was acting as such when he took part in these events. At all times relevant herein, Defendant Smith was acting in his/her official capacity and under color of state law.

8. Defendant St. Paul was, and at all times relevant to the facts alleged herein, an employee of the City of Tucson and was acting as such when he took part in these events. At all times relevant herein, Defendant St Paul was acting in his official capacity and under color of state law.

9. Defendant D. Cox was, and at all times relevant to the facts alleged herein, an employee of the City of Tucson and was acting as such when he took part in these events. At all times relevant herein, Defendant Cox was acting in his/her official capacity and under color of state law.

10. At all times relevant to the facts alleged herein, all city officers, employees and agents pursuant to authority delegated or conferred to them by Defendant City of Tucson, and in doing or failing to do the things complained of herein, were acting within the scope of that authority.

**STATEMENT OF FACTS**

11. Plaintiff Brian Borchardt is a resident of the City of Tucson and a number of years ago purchased a property located at 2828 E. Glenn, in Tucson, Arizona.

12. This home was his primary address, but he spends lone periods of time outside of Tucson for his employment.

13. Despite these periodic absences from Tucson, Plaintiff always returns to his home in Tucson and his neighbors were always given information about his location and how to contact him if necessary.

14. Since this location is his primary residence, all of Plaintiff's personal possessions were in the residence, including personal effects, furniture, clothes and family photos.

15. The only "Notice of Violation" that Plaintiff ever was aware of receiving from the City of Tucson dealt with allegations regarding an addition that was made onto the house.

16. Plaintiff was never served with, nor did he ever receive any other violation notices from the City of Tucson, whether in person or in the mail.

17. Apparently, the City of Tucson, and the other Defendants, had an out of town address where Plaintiff was receiving mail.

18. However, Plaintiff never received any mail from the City of Tucson or from any of the named Defendants regarding alleged violations at his home in Tucson.

19. During the months of June and July of 2011 Plaintiff was as his home in Tucson and did not receive any notices from Defendants regarding problems or alleged violations at his residence, nor was he aware of any such alleged violations.

20. In August of 2011 Plaintiff went out of town to work for an extended period in Maryland. He left contact information with his neighbors, in case they needed to contact him for any reason.

21. In June of 2012 Plaintiff returned to Tucson to find that the lot on which his house stood was empty. Plaintiff's house and all of his worldly possessions were likewise gone, including irreplaceable family mementos and photographs.

22. Aside from Plaintiff's home being destroyed, all of his personal possessions were likewise destroyed when the home was demolished.

23. The items destroyed in Plaintiff's home included irreplaceable family photos, mementoes, items from his childhood, and other items if great sentimental and emotional value.

24. From information that Plaintiff has received after the demolition if his home, Defendants Smith, Cox and Holland were inspectors for the City of Tucson and went to his home on more than one occasion.

- 5 -

25. All three of them allege that they observed alleged violations of the City of Tucson regulations and codes.

26. Plaintiff never directly spoke with Defendants Smith, Cox or Holland, and Defendants Smith, Cox and Holland did not attempt to contact Plaintiff regarding these alleged violations.

27. None of the alleged violations cited by Defendants Smith, Cox or Holland justified the demolition of Plaintiff's home.

28. These alleged code violations from Defendants Cox, Smith and Holland formed the basis for the decision by Defendants to seek an order for demolition of Plaintiff's home.

29. Also from information that Plaintiff received after the demolition of his home, Defendants St. Paul, Green, and Van Karsen gave their approval to the requested demolition of Plaintiff's home.

30. As a direct and proximate result of the actions and conduct of Defendants, Plaintiff has suffered mental injury, pain and suffering, mental anguish and emotional distress, deprivation of liberty, and deprivation of constitutional rights.

31. Defendant's acts and omissions described above were intentional, wanton, willful and malicious, and were performed with deliberate indifference and/or reckless disregard of Plaintiff's constitutional rights, entitling Plaintiff to punitive damages.

**COUNT ONE**

42 U.S.C. §1983 (Wrongful Taking of Property)

32. Plaintiff restates and incorporates by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth herein.

33. Defendants acting together and separately wrongfully took Plaintiff's property and did so in violation of Plaintiff's civil rights.

34. As a direct and proximate result of Defendants' actions, Plaintiff suffered mental injury, pain and suffering, mental anguish, emotional losses and loss of income and economic opportunities.

**COUNT TWO**

Due Process Violations Pursuant to Fifth and Fourteenth Amendments

35. Plaintiff restates and incorporates by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth therein.

36. Defendants acting together and separately took Plaintiff's property without due process of law in violation of the 5th and 14th Amendments to the United States Constitutions.

37. As a direct and proximate result of Defendants' actions, Plaintiff suffered mental injury, pain and suffering, mental anguish, emotional losses and loss of income and economic opportunities.

# CLAIM FOR RELIEF

WHEREFORE, Plaintiff asks that this court grant them the following relief:

1. For compensatory damages as permitted by law and according to proof at trial;
2. For punitive damages as permitted by law;
3. Costs of this suit;
4. Attorney's fees pursuant to applicable statutes, including, inter alia, 42 U.S.C. §§ 1983 and 1988;
    a. Granting any and all other relief that the court deem appropriate.

**A JURY TRIAL IS REQUESTED IN THIS MATTER.**

REPECTFULLY SUBMITTED this 22nd day of April 2014.

    _s/Paul Gattone_____
    Paul Gattone
    Attorney for Plaintiffs

**VERIFICATION**

I, Paul Gattone, am counsel for Plaintiff in this action.  I verify that the facts contained within this Complaint are true and accurate, except those facts asserted on information and belief, and as to those facts I believe them to be true.

I declare under penalty of perjury that the foregoing is true and accurate and that this verification was executed on this 22nd day of April, 2012, at Tucson, Arizona.


                <u>s/Paul Gattone</u>
                Paul Gattone
                Appearing for Plaintiff